B2650 (Form 2650) (12/15)

# United States Bankruptcy Court
## FOR THE District Of DELAWARE

In re __BYJU'S ALPHA, INC.__,  )
                Debtor          )      Case No. __24-10140 (BLS)__
                                   )
                                   )      Chapter __11__
__BYJU'S ALPHA, INC.__,  )
                Plaintiff       )
                                   )
           v.                            )
__CAMSHAFT CAPITAL FUND, LP, *et al*,__)     Adv. Proc. No. __24-50013(BLS)__
               Defendant     )

## CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

     I, clerk of the United States Bankruptcy Court, do certify that the attached judgment is a true and correct copy of the original judgment entered in this proceeding on __March 14, 2025__ as it appears in the records of this court, and that:
                                                                           (date)

☐ No notice of appeal from this judgment has been filed, and no motion of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, has been filed.

☐ No notice of appeal from this judgment has been filed, and any motions of the kind set forth in Federal Rule of Civil Procedure 60, as made applicable by Federal Rule of Bankruptcy Procedure 9024, have been disposed of, the latest order disposing of such a motion having been entered on _____.
                               (date)

☐ An appeal was taken from this judgment, and the judgment was affirmed by mandate of the _____ issued on _____.
          (name of court)                                         (date)

☐ An appeal was taken from this judgment, and the appeal was dismissed by order entered on
_____.
       (date)

☑ *Appeal was taken on 07/09/2025, and is still pending.
BAP 25-29.

                                                                       [signature]
                                                                  Clerk of the Bankruptcy Court

12/10/2025                   By: _____
Date                                                         Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. No. 24-50013 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| GLAS TRUST COMPANY, LLC, | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMSHAFT CAPITAL FUND, LP, | ) | |
| CAMSHAFT CAPITAL ADVISORS, LLC, | ) | |
| CAMSHAFT CAPITAL MANAGEMENT, LLC, | ) | |
| RIJU RAVINDRAN, INSPILEARN LLC, and | ) | |
| THINK AND LEARN PRIVATE LIMITED, | ) | |
| Defendants. | ) | |

CERTIFIED:
AS A TRUE COPY:
ATTEST:
STEPHEN L. GRANT
U.S. BANKRUPTCY COURT
By _____ Deputy Clerk 12/10/2025

## JUDGMENT ORDER

Upon consideration of the motion for partial summary judgment (the "Motion")[2] filed by Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS," and with the Debtor, "Plaintiffs") seeking partial summary judgment for Plaintiffs against Camshaft Capital Fund, LP ("Camshaft Fund"), Camshaft Capital Advisors, LLC, Camshaft Capital Management, LLC, Riju Ravindran, Inspilearn LLC ("Inspilearn"), and

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] All capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion or the *Memorandum of Law in Support of Debtor's and GLAS Trust Company LLC's Motion for Partial Summary Judgment on Counts I, II, IV, VIII, and X of the Second Amended Complaint* [Adv. D.I. 276].

#388

Think and Learn Private Ltd. ("T&L") (collectively, the "Defendants"), and upon consideration of the Pohl Declaration, the Spencer Declaration, the Gallo Declaration, and the Finestone Declaration, including the documents attached to the declarations, the responses filed, and the oral argument heard on October 9, 2024; and for the reasons set forth in this Court's *Memorandum Opinion and Order*, dated February 27, 2025 [Adv. D.I. 382] and *Memorandum Opinion*, dated February 27, 2025 [Adv. D.I. 383] (the "MSJ Opinion"); and this Court having subject matter jurisdiction to consider and to determine the Motion in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2023; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and this Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Plaintiffs' Motion, pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056, is GRANTED for the reasons set forth in the MSJ Opinion, and partial summary judgment is hereby entered in favor of Plaintiffs against Defendants as set forth herein.

2. Judgment is hereby entered in favor of Plaintiffs against Camshaft Fund as to Count I of the Second Amended Complaint. The Debtor's transfer of the Alpha Funds to Camshaft Fund was an actual fraudulent transfer and is avoided under 11 U.S.C. §§ 544(b), 548(a)(1)(A). Accordingly, pursuant to 11 U.S.C. § 550(a), Camshaft Fund is liable to Plaintiffs in the amount of $533,000,000.00, plus pre-judgment interest at a rate of 5.04% (compounded quarterly) beginning as of March 3, 2023 through the date hereof, post-judgment interest beginning as of the date hereof in accordance with 28 U.S.C. § 1961(a), and costs pursuant to Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920.

3. Judgment is hereby entered in favor of Plaintiffs against Inspilearn and T&L as to Count I of the Second Amended Complaint. The Debtor's transfer of the Camshaft LP Interest to Inspilearn as initial transferee, for the benefit of T&L, was an actual fraudulent transfer and is avoided under 11 U.S.C. §§ 544(b), 548(a)(1)(A). Accordingly, pursuant to 11 U.S.C. § 550(a), Inspilearn and T&L are jointly and severally liable to Plaintiffs in the amount of $540,647,109.20, plus pre-judgment interest at a rate of 4.58% (compounded quarterly) beginning as of March 31, 2023 through the date hereof, post-judgment interest beginning as of the date hereof in accordance with 28 U.S.C. § 1961(a), and costs pursuant to Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920.

4. Judgment is hereby entered in favor of Plaintiffs against Ravindran as to Count IV of the Second Amended Complaint. Ravindran breached his fiduciary duties to the Debtor by authorizing the First and Second Fraudulent Transfers. Accordingly, Ravindran is liable to Plaintiffs in the amount of $540,647,109.20, plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through the date hereof, post-judgment interest beginning as of the date hereof in accordance with 28 U.S.C. § 1961(a), and costs pursuant to Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920.

5. Judgment is hereby entered in favor of Plaintiffs as to Count VIII of the Second Amended Complaint. Pursuant to 11 U.S.C. §§ 2201 and 2022, the Court hereby declares as follows: (a) the Second Fraudulent Transfer (and any subsequent transfers of the Alpha Funds) are null and void, without any force and effect; and (b) the Alpha Funds remain property of the Debtor's estate under 11 U.S.C. § 541.

6. Judgment is hereby entered in favor of Plaintiffs against Ravindran and T&L as to Count X of the Second Amended Complaint. Ravindran and T&L are each liable for the conversion of the Camshaft LP Interest. Accordingly, Ravindran is liable to Plaintiffs in the

amount of $540,647,109.20, plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through the date hereof, post-judgment interest beginning as of the date hereof in accordance with 28 U.S.C. § 1961(a), and costs pursuant to Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920.

7.  The terms and conditions of this Judgment Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Judgment Order.

8.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Judgment Order.

Dated: March 14, 2025

Judge Brendan Linehan Shannon